**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2311
_____

JOSE RODRIGUEZ-CELAYA,
a/k/a Jose Rodriquez-Zelaya,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-993-394)
Review of a Final Administrative Order

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2015

Before: AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

      Because we write primarily for the parties, we omit a recounting of the procedural

history, which, if fully told, spans decades. To summarize the most relevant facts, the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Department of Homeland Security ("DHS") entered a final administrative order of removal against the petitioner, Jose Alexander Rodriguez-Celaya, ruling that he was removable under (1) 8 U.S.C. § 1101(a)(43)(G) for a May 19, 1994 conviction for unauthorized use of a motor vehicle in violation of § 31.07 of the Texas Penal Code, and (2) 8 U.S.C. § 1101(a)(43)(O) for illegal reentry in violation of 8 U.S.C. § 1326. Rodriguez-Celaya filed a petition for review.

The Government has filed two motions to dismiss. In the first, submitted at the outset of the case, the Government argued that Rodriguez-Celaya was an aggravated felon who did not raise any colorable legal or constitutional issues. Despite the Government's argument to the contrary, Rodriguez-Celaya raises questions of law over which this Court has jurisdiction, such as his claim that he was not convicted of an aggravated felony. See Pierre v. Att'y Gen. of the U.S., 528 F.3d 180, 184 (3d Cir. 2008) (*en banc*) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)); see also Silva-Rengifo v. Att'y Gen. of the U.S., 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Att'y Gen. of the U.S., 420 F.3d 202, 210-11 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts"). Accordingly, we must deny the first motion to dismiss the petition for review.

After we appointed amicus counsel and they ably briefed the issues in response to our briefing instructions, the Government filed its second motion to dismiss the petition.

---

constitute binding precedent.

2

It asserted that Rodriguez-Celaya's removal order had been "cancelled," such that there was no longer a final order of removal for us to review. Attached to the motion was a copy of the removal order with a line through it, "CANCELLED" printed on it above the line, and the name "C. Herre" and number "6426" printed below the line. Ex. D to the Second Motion to Dismiss. We requested further information about the "cancellation," as well as a response to our earlier briefing instructions, which the Government has now submitted (and to which amicus counsel has responded).[1]

Upon review, we also deny the second motion to dismiss the petition. The Government contends that an immigration officer, Charles Herre, acting on delegated authority and the conclusion that Rodriguez-Celaya could not be removed on an expedited basis, was following the regulation for termination of expedited proceedings followed by a conversion to proceedings under 8 U.S.C. § 1229a. See 8 C.F.R. § 238.1(d)(2)(iii). However, the regulation that the Government cites as the basis for Herre's action relates to a deciding Service officer's authority to terminate and convert proceedings after an alien submits a timely response to a notice of intent but before a final order of removal is issued. See 8 C.F.R. § 238.1(d) (describing the determination whether a final order of removal should issue (1) when no response is submitted or deportability is conceded or (2) when a response is submitted). By its terms, the regulation did not give Herre authority to vacate or materially alter the order after its

---

[1] The Government also filed a motion to file a supplemental appendix, which we grant.

3

issuance.  Cf. Thomas v. Att'y Gen. of the U.S., 625 F.3d 134, 140-41 (3d Cir. 2010) (undertaking the inquiry into whether a later agency decision "vacated or materially altered" an earlier decision to determine whether there was still a live controversy). Accordingly, we conclude that the order is extant.

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252.  See Khouzam v. Att'y Gen. of the U.S., 549 F.3d 235, 247 (3d Cir. 2008).  Upon review and in light of the concessions by the Government that neither basis of removability is enforceable in this case, we grant the petition for review and vacate the order of removal.[2]

Both parties agree that Rodriguez-Celaya's Texas conviction for unauthorized use of a vehicle cannot be considered an aggravated felony because it does not include an element of a generic theft offense, "the criminal intent to deprive the owner of rights and benefits of ownership," Gonzales v. Duenas-Alvarez, 549 U.S. 183, 189 (2007).[3]  See

---

[2] We do not reach any challenge to earlier orders of removal, as the petition for review would be untimely as to them.  See Stone v. INS, 514 U.S. 386, 405-06 (1995); Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986).  Because of how we resolve this case in light of the Government's concessions, we do not reach Rodriguez-Celaya's other arguments about why the order is unenforceable.  We note, however, that his challenge to the Government's use of any 1994 conviction on the basis that it is an impermissible retroactive application of § 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, is foreclosed by Biskupski v. Attorney General of the United States, 503 F.3d 274, 281-84 (3d Cir. 2007).

[3] We agree with amicus counsel that, in analyzing the issue, the categorical approach applies without modification in light of the Supreme Court's guidance in Descamps v. United States, 133 S. Ct. 2276, 2293 (2013).

4

Brady v. State, No. 14-98-00424-CR, 2001 WL 459719, at *3 (Tex. App. May 3, 2001) (unpublished); see also Neely v. State, 571 S.W.2d 926, 927-28 (Tex. Crim. App. 1978); State v. Houth, 845 S.W.2d 853, 869 (Tex. Crim. App. 1992).

Regarding the other basis for Rodriguez-Celaya's order of removal, there is no dispute that he was convicted of illegal reentry in violation of 8 U.S.C. § 1326. United States v. Rodriguez-Celaya, W.D. Tex. Crim. No. 10-cr-00186 (order entered Jun. 7, 2010). However, such a conviction constitutes an aggravated felony only if the earlier removal was based on a conviction for an aggravated felony. See 8 U.S.C. § 1101(a)(43)(O). As the Government concedes, that conclusion cannot be drawn from the record.[4]

We have considered whether the case was mooted by the Government's efforts to cancel the order, its concessions about its unenforceability, and its assertions that DHS has no intention to bring adverse consequences as a result of an earlier expedited removal order that concluded that Rodriguez-Celaya had committed an aggravated felony based on the 1994 conviction. However, on balance, and given the history of the administrative proceedings in this case, we are not satisfied that the Government has shown that Rodriguez-Celaya will not be affected by the existing order of removal. Cf. Friends of

---

[4] The parties dispute which approach, the modified categorical approach or the circumstance-specific approach, see Nijhawan v. Holder, 557 U.S. 29, 38-43 (2009), should apply. However, the issue need not be resolved because the scarce evidence in the record does not satisfy either approach to show that the conviction qualified as an aggravated felony.

the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)

(explaining that to determine whether a case is mooted by a party's voluntary conduct,

"subsequent events [must make] it absolutely clear that the allegedly wrongful behavior

could not be reasonably expected to recur"); cf. also Mayorga v. Att'y Gen. of the U.S.,

757 F.3d 126, 130-31 (3d Cir. 2014) (issuing a ruling that would not have an immediate

impact on removability but that would address "collateral consequences" that could lead

to a "concrete and continuing injury"). New removal proceedings have been initiated by

the Government, and we do not have direct assurances from DHS counsel in that

proceeding about what will or will not be argued.[5]

For these reasons, we deny the two motions to dismiss and grant the petition for

review. We vacate the final order of removal. We also grant the motion to file the

supplemental appendix.

---

[5] We decline amicus counsel's request for us to rule whether res judicata precludes the Government from proceeding on the new charges. The issue is not before us on review of a final order of removal; it is presented on the new notice to appear. See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001) (citing 8 U.S.C. § 1252(a)(1) and stating that "Congress has granted us power to review only 'final order[s] of removal.'"). Accordingly, we cannot decide at this time whether this case can be distinguished from Duhaney v. Att'y Gen. of the U.S., 621 F.3d 340 (3d Cir. 2010). Although we express no opinion on the issue, we note that Rodriguez-Celaya is free to raise the matter in the agency and in this Court at the appropriate times.