NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――――

No. 14-1714

―――――――――――

EDWARD CECIL WALKER,
Petitioner

v.

ATTORNEY GENERAL UNITED STATE OF AMERICA;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
Respondents

―――――――――――

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Walter Durling
(No. A205-135-043)

―――――――――――

Submitted Under Third Circuit LAR 34.1(a)
June 8, 2015

Before: AMBRO and COWEN, Circuit Judges
and RESTANI,♦ Judge

(Filed: August 18, 2015)

―――――――――――

OPINION*

―――――――――――

AMBRO, Circuit Judge

――――――――――――――――――

♦ Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward Walker petitions for review of the Department of Homeland Security's ("DHS") Final Administrative Removal Order. Because Walker was wrongly subjected to summary removal proceedings as if he had been previously convicted of an "aggravated felony" within the meaning of the immigration laws, we vacate the Order and remand.

## I.      Facts

Walker came to the United States on a student visa from Ghana. In May 2013, he pled guilty in Pennsylvania court to possession with intent to distribute marijuana, a deportable offense. While he was serving his sentence for that crime, the DHS began removal proceedings against him. Because the DHS determined that Walker's marijuana offense was an "aggravated felony," 8 U.S.C. § 1101(a)(43)(B), his removal proceedings were summary, and he was not allowed to seek discretionary withholding of removal from the Attorney General. Walker contested his removal, but a hearing officer affirmed that he was deportable and issued the Removal Order. Walker petitions for review.

## II.      Jurisdiction

The DHS issued the Removal Order in August 2013.[1] Shortly thereafter, Walker sought withholding of removal under 8 U.S.C. § 1231 and protection under the Convention Against Torture ("CAT"). Thus, although the August 2013 Order was called

[1] A typewritten date at the top of the Removal Order reads May 17, 2013; however, handwritten dates at the bottom state that it was signed and served on August 8 of that year. We read the May date as having been typed when the Order was drafted, and we understand the handwritten dates to correspond to the time when the DHS formally rendered its decision.

"Final," the pending withholding-of-removal proceedings made it not "final" within the meaning of 8 U.S.C. § 1252, the provision governing our jurisdiction over petitions for review of immigration decisions by the DHS. *See Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082–83 (9th Cir. 2010) (removal order not final when "inextricably linked" with pending proceedings for relief from the order). The withholding and CAT proceedings terminated in February 2014, and Walker filed a petition for review less than 30 days later, thus giving us jurisdiction.

The Government argues we lack jurisdiction because the DHS has "cancelled" Walker's Removal Order pursuant to 8 U.S.C. § 1228(b). However, this is not possible, as neither § 1228(b) nor any other provision of law that the Government cites or of which we are aware allows for cancellation of an order. Therefore, as far as we are concerned, the Removal Order still exists, and our jurisdiction is intact for review of issues of law under § 1252(a)(2)(D). To the extent that the Government has indicated a desire not to enforce that Order against Walker, that may be welcome news to him. But so far as we can tell, the document remains legally operative, and the current version of the Government's enforcement priorities is no obstacle to our review.[2]

---

[2] The Government has made several attempts to avoid review of Walker's Removal Order. First, in March 2014, it moved to dismiss the case for lack of jurisdiction on the ground that Walker had failed to exhaust administrative remedies. In November 2014, the Government moved to remand the case to DHS to decide the legal issues before us in the first instance. We set the case for a full briefing schedule. In the Government's merits brief, it withdrew the jurisdictional argument (the remedies the Government had argued Walker should have exhausted were not in fact available to him), but reiterated its request for a remand. When we directed the Government to respond to Walker's merits argument, it filed a letter response arguing again that a remand was appropriate and making only the barest pretense of addressing the merits. Next, the Government

3

## III. Merits

The DHS ordered Walker removed because he was convicted of possession with intent to distribute marijuana in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). It found that this crime qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B). The finding had serious consequences: Walker was "conclusively presumed to be deportable" under 8 U.S.C. § 1228(c), and he was not eligible for discretionary relief from removal, *id.* § 1228(b)(5). Thus, it is important to determine whether Walker's prior conviction was an "aggravated felony" within the meaning of the immigration laws.

Under the definitions of the Immigration and Nationality Act, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21)" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(B). Under 21 U.S.C. § 802(6), a controlled substance "means a drug . . . included in schedule I, II, III, IV, or V of part B of this subchapter." Marijuana is a Schedule I drug. 21 C.F.R. § 1308.11(d)(23); *see also* 21 U.S.C. § 811(a) (authorizing Attorney General to place drugs on schedules).

But not all illicit trafficking in marijuana is an aggravated felony. Instead, the Supreme Court has read the statute to provide that "a noncitizen's conviction of an offense that the Controlled Substances Act (CSA) makes punishable by more than one year's imprisonment will be counted as an aggravated felony for immigration purposes.

---

purported to "cancel" Walker's Order, something it has done before (without success). *See Rodriguez-Celaya v. Attorney Gen.*, 597 F. App'x 79, 81 (3d Cir. 2015). The apparent reason for the Government's coyness is that, as discussed below, it is plain that Walker should prevail on the merits.

4

A conviction under either state or federal law may qualify, but a state offense constitutes a felony punishable under the [CSA] only if it proscribes conduct punishable as a felony under that federal law." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013) (internal quotation marks omitted). The question then becomes how we decide whether a particular state offense is a federal felony.

The answer is that a state drug offense qualifies as an aggravated felony if the state offense necessarily proscribes conduct punishable as a felony under the CSA (this is known as the "categorical approach" because we do not inquire into the actual conduct of a particular crime, merely into the elements of the relevant state and federal violations). When a state law is broader than the CSA and punishes some conduct that is a federal felony and other conduct that is not, we apply what has come to be known as the "modified categorical approach," and we may look to "the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea" to determine what part of the statute provided the legal basis for the state conviction. *Id.* at 1684. Further, in cases where the state offense criminalizes more conduct than the CSA, "we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* (internal quotation marks omitted) (alterations in original). Crucially here, when a defendant pleads guilty in Pennsylvania, "we may not look to factual assertions in the judgment of sentence" because the defendant does not necessarily admit those facts, and

thus it is not clear that he pled guilty to the crime to which the assertions correspond.
*Evanson v. Attorney Gen.*, 550 F.3d 284, 293 (3d Cir. 2008).

In this case, the DHS considered a docket sheet and a sentence order from the state court where Walker was convicted. The docket sheet confirmed that Walker was convicted of possession with intent to distribute marijuana, but only the sentence order (called a judgment of sentence in *Evanson*) stated that Walker's offense involved 187 grams of marijuana. Although that amount is punishable by over a year's incarceration under the CSA, *cf. Catwell v. Attorney Gen.*, 623 F.3d 199, 209 (3d Cir. 2010), that Walker intended to distribute 187 grams is a factual finding we may not consider under the modified categorical approach. Given the record before us, we may look only to 35 Pa. Cons. Stat. Ann § 780-113(a)(30) and the CSA to determine if the state statute "necessarily proscribe[s] conduct that is an offense under the CSA," and whether "the CSA . . . necessarily prescribe[s] felony punishment for that conduct." *Moncrieffe*, 133 S. Ct. at 1685 (internal quotation marks omitted).

The Pennsylvania statute forbids "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act." 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). Because it does not differentiate prohibited conduct in terms of amount or reasons for possessing, the statute covers "distributing a small amount of marihuana for no remuneration," which under the CSA is a misdemeanor and not a felony. 21 U.S.C. §§ 841(b)(4) & 844(a). The Government suggests, though, that because Pennsylvania has a different statute that punishes possession with intent to distribute a small amount of marijuana for no remuneration, *see*

6

35 Pa. Cons. Stat. Ann. § 780-113(a)(31), and because Walker was not convicted under that section, he must not have been convicted of distributing a small amount of marijuana for no remuneration.

Attractive as the Government's argument sounds, it wilts on inspection. We have held more than once that "distributing a small amount of marijuana for no remuneration could be prosecuted under" 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). *Evanson*, 550 F.3d at 289; *see also Jeune v. Attorney Gen.*, 476 F.3d 199, 205 (3d Cir. 2007). Moreover, as Walker correctly argues in his opening brief (making a point to which the Government does not meaningfully respond), Pennsylvania's Superior Court has affirmed a conviction of possession of marijuana under 35 Pa. Cons. Stat. Ann. § 780-113(a)(16)—a felony— when the amount was small enough that the defendant could have been charged under § 780-113(a)(31), a misdemeanor covering possession of less than thirty grams of marijuana. The Superior Court reasoned that "[t]here is nothing in The Controlled Substance, Drug, Device and Cosmetic Act which requires that an accused be prosecuted under any particular subsection of the Act based upon the amount of controlled substances he or she is alleged to possess. Rather, an accused can be charged with, and prosecuted for, any offense which the Commonwealth thinks it can prove." *Com. v. Pagan*, 461 A.2d 321, 322 n.1 (Pa. Super. 1983). Just so here. It is thus "a realistic probability, not a theoretical possibility, that the State would apply [35 Pa. Cons. Stat. Ann. § 780-113(a)(30)] to conduct that falls outside" the definition of an aggravated felony. *Moncrieffe*, 133 S. Ct. at 1685. As such, we cannot say that Walker was convicted of an aggravated felony, and we must grant the petition for review.

\*　　\*　　\*　　\*　　\*

Under the modified categorical approach, Walker has not been convicted of an aggravated felony.  We thus vacate the order of removal.