**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-2937

ANDREW DAVIS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA-1: A060-649-652)
Immigration Judge: Edward Grant

Argued April 21, 2021

Before: AMBRO, RESTREPO, Circuit Judges, and NOREIKA,* District Judge

(Opinion Filed: September 13, 2021)

Sandra Greene (Argued)
Greene Fitzgerald Advocates and Consultants
2575 Eastern Boulevard, Suite 208
York, PA 17402

Counsel for Petitioner

---

\* The Honorable Maryellen Noreika, United States District Judge for the District of
Delaware, sitting by designation.

Jeffrey Bossert Clark
Jennifer J. Keeney
Imran R. Zaidi (Argued)
Elizabeth R. Chapman
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

        Counsel for Appellee

    _____

        OPINION[**]

    _____

NOREIKA, District Judge

Petitioner Andrew Davis was convicted in Pennsylvania state court of possession with intent to distribute 47.5 pounds of marijuana. He argues before this Court that the Board of Immigration Appeals erred in not finding that his conviction could have been for less than thirty grams and was analogous to a federal misdemeanor. Under the modified categorical approach, Davis is correct. We must ignore the undisputed, underlying facts of his offense and find that his conviction could have involved a small amount of marijuana. Thus, the Board's decision will be vacated and remanded for further proceedings.

            I.      Background

Davis is a native and citizen of Jamaica who was admitted as a lawful permanent resident in 2009.[1] In February 2019, he pled guilty in Pennsylvania state court to possession with intent

_____

[**]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.
[1]     Although Davis was initially admitted as a conditional resident, the Government later determined that he should have been admitted as a permanent resident and changed his classification accordingly.

2

to distribute a controlled substance under 35 P.S. § 780-113(a)(30), which prohibits, in relevant part. "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." The judgment of sentence shows that Davis's conviction involved 47.5 pounds of marijuana. A.R. 527.

### A. Proceedings Before the Immigration Court

In October of 2019, the Department of Homeland Security ("DHS") initiated removal proceedings based on Davis' conviction. DHS charged Davis as removable on two grounds: 1) because his conviction was a controlled-substance offense under 8 U.S.C. § 1227(a)(2)(B)(i), and 2) because the conviction was an aggravated felony under § 1227(a)(2)(A)(iii). On December 23, 2019, via counsel, Davis conceded removability for the controlled-substance offense, but denied that the offense constituted an aggravated felony. *See* A.R. 45.

A week later, he applied for asylum, withholding of removal, and Convention Against Torture (CAT) relief, claiming that members of the People National Party in Jamaica had executed or otherwise persecuted several of his family members based on the family's political ties to the rival Jamaica Labor Party. He also applied for cancellation of removal but the IJ ultimately concluded that Davis's drug offense was an aggravated felony that rendered him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). The IJ relied on this Court's decision in *Catwell v. Attorney General*, in which we held a conviction under the same statute, 35 P.S. § 780-113(a)(30), for possession with intent to distribute 120.5 grams of marijuana constituted an aggravated felony. 623 F.3d 199 (3d Cir. 2010). The IJ reasoned that Davis's conviction, based on 47.5 pounds of marijuana, must also be an aggravated felony under *Catwell*.

The IJ also denied Davis's applications for asylum, withholding of removal, and withholding under CAT because his aggravated felony presumptively constituted a particularly

3

serious crime that disqualified Davis from relief.  *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i)

(asylum), 1231(b)(3)(B)(ii) (withholding); 8 C.F.R. § 1208.16(d)(2) (withholding under CAT);

*In re Y-L-*, 23 I. & N. Dec. 270, 274 (Att'y Gen. 2002) (providing that aggravated felonies

involving drug trafficking are presumptively particularly serious crimes).  Thus the only relief

available to Davis in light of the IJ's aggravated-felony determination was deferral under CAT.

*See* 8 C.F.R. § 1208.16(c)(4).  The IJ denied Davis's deferral application on the merits.

B.      Proceedings Before the Board of Immigration Appeals

The Board of Immigration Appeals affirmed.  As to the aggravated-felony issue, the

Board reasoned that, under the hypothetical federal felony test, a "state marijuana conviction

is . . . only equivalent to a federal drug felony if the offense involved payment or more than a

small amount of marijuana."  *See Catwell*, 623 F.3d at 206.  Because Davis's "conviction

documents" indicated that he was responsible for 47.5 pounds of marijuana, the Board concluded

that his conviction involved more than a small amount of marijuana and thus qualified as an

aggravated felony.  He now appeals the Board's decision.

II.    Discussion[2]

Davis raises several issues on appeal, arguing that the Board erred in determining that his

state conviction was necessarily an aggravated felony, in affirming the IJ's adverse credibility

---

[2]    The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3).  This Court has jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a).  Where the Board issues its own decision and relies upon the reasoning of the immigration judge, this Court reviews the decision of the Board and those portions of the immigration judge's reasoning adopted in the Board's opinion.  *See Patel v. Att'y Gen.*, 599 F.3d 295, 297 (3d Cir. 2010).  We review the Board's "legal conclusions *de novo*, subject to established principles of deference."  *See id.*

4

determination, and in finding that the Jamaican government would not acquiesce in his torture if removed.[3]  We reverse on the first issue, and will remand for further proceedings.

"[A] state drug conviction constitutes an aggravated felony if (a) it would be punishable as a felony under the federal Controlled Substances Act ["CSA"], or (b) it is a felony under state law and includes an illicit trafficking element."  *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008).  Here, there has been no suggestion that Davis received payment for the drugs, so the illicit trafficking test does not apply.  *Catwell*, 623 F.3d at 206 n.10.  Therefore, we must employ the "hypothetical federal felony" test, which asks whether conduct criminalized under 35 P.S. § 780-113(a)(30) would be punishable as a felony under the CSA.  In making such a determination, we presumptively use the "categorical approach," looking only at the elements of the statutes at issue and not reviewing the factual basis for the underlying conviction.  *Id.* at 207.  Where, however, the state statute is divisible, the modified categorical approach applies and we may review certain factual records.  *Id.*  For the modified categorical approach to apply, "there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."  *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (cleaned up).

We have repeatedly held that § 780-113(a)(30) is divisible and requires us to apply the modified categorical approach.  *See, e.g.*, *Avila v. Atty. Gen.*, 826 F.3d 662, 666 (3d Cir. 2016); *Catwell*, 623 F.3d at 207; *Evanson*, 550 F.3d at 292.  Nonetheless, the Government argues that the modified categorical approach need not be used, because § 780-113(a)(30) is a categorical drug-trafficking aggravated felony.  We disagree.

---

[3]  The Government conceded that we should remand on the last issue because the Board failed to conduct the proper 2-step CAT analysis required by this Court's decision in *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).

The section of the CSA most analogous to the state statute here makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance" but includes an exception for anyone who distributes a small amount of marijuana for no remuneration. 21 U.S.C. § 841(a)(1), (b)(4). We have previously held that a "small amount" of marijuana under the CSA is thirty grams or less. *Harve v. Att'y Gen.*, 787 F. App'x 803, 807 (3d Cir. 2019). Thus, § 780-113(a)(30) is a categorical aggravated felony only if there is no "realistic probability" that it could apply to the distribution of less than thirty grams of marijuana for no remuneration.

The Government argues that § 780-113(a)(30) cannot apply to such small amounts of marijuana because Pennsylvania punishes such small-amount offenses separately under § 780-113(a)(31), which prohibits: "(i) the possession of a small amount of [marijuana] only for personal use; (ii) the possession of a small amount of [marijuana] with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of [marijuana] but not for sale" and defines a "small amount" as thirty grams or less. 35 P.S. § 780-113(a)(31). And the Pennsylvania Superior Court has held that a marijuana case involving less than thirty grams without remuneration should be prosecuted under § 780-113(a)(31), even if the conduct falls within the broader language of other subsections of the statute. *Commonwealth v. Gordon*, 897 A.2d 504, 509 (Pa. Super. 2006) (simple possession offense); *Commonwealth v. Tisdale*, 100 A.3d 216 (Pa. Super. 2014) (extending *Gordon* to possession with intent to distribute).

Since *Gordon*, however, this Court has held at least six times that the modified categorical approach applies to cases involving § 780-113(a)(30). *See Avila*, 826 F.3d at 666 (3d Cir. 2016); *U.S. v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014); *Catwell*, 623 F.3d at 207; *Evanson*, 550 F.3d at 292; *Jeune v. Att'y Gen.*, 476 F.3d 199, 202 (3d Cir. 2007); *Garcia v. Att'y Gen.*, 462

6

F.3d 287, 293 (3d Cir. 2006). Although the Government argues that *Tisdale* is intervening authority that allows us to revisit those earlier decisions, that argument is unavailing because the *Avila* decision was two years after *Tisdale* and because the same argument was rejected by this Court (albeit in a nonprecedential decision) in 2015. *Walker v. Atty. Gen. U.S.*, 625 Fed. Appx. 87, 91 (3d Cir. 2015).

Even if it were appropriate to revisit our earlier decisions on this point, the case law nonetheless shows that the modified categorical approach should apply to convictions under § 780-113(a)(30). Since *Gordon* and *Tisdale*, Pennsylvania state courts have repeatedly affirmed convictions involving small amounts of marijuana under subsection (a)(30), despite the existence of a separate subsection explicitly addressing small amounts. *See, e.g.*, *Commonwealth v. McFarland*, 1489 EDA 2012, 2013 WL 11277648 (Pa. Super. Feb. 1, 2013); *Commonwealth v. Walton*, 1033 MDA 2013, 2014 WL 10806044 (Pa. Super. Aug. 27, 2014) (holding that defendant had waived argument that prosecution was possible only under § 780-113(a)(31)); *In re M.K.*, 504 EDA 2013, 2014 WL 10794988 (Pa. Super. Oct. 1, 2014); *Commonwealth v. Sannoh*, 2441 EDA 2017, 2019 WL 2407147 (Pa. Super. June 7, 2019). Although the Government dismisses these cases because they are unpublished, it cites only two cases expressly applying *Gordon* and *Tisdale*, and those cases are unpublished as well. *In Interest of O.T.*, 3802 EDA 2016, 2017 WL 4679800 (Pa. Super. Oct. 18, 2017); *Commonwealth v. Coffey*, 3004 EDA 2016, 2018 WL 1165591 (Pa. Super. Mar. 6, 2018). The case law on this issue is contradictory at best, and shows that there is "a realistic probability, not a theoretical possibility," that Pennsylvania would apply § 780-113(a)(30) to marijuana offenses involving less than thirty grams. *See Moncrieffe*, 569 U.S. at 191.

7

Having determined that the modified categorical approach applies, it is necessary to determine whether Davis's conviction would be punishable under the CSA. The judgment of sentence from the state court and the Form I-213 submitted during immigration proceedings both confirm that Davis was arrested for possession with intent to distribute 47.5 pounds of marijuana. A.R. 524, 427. Under the modified categorical approach, however, in cases involving a guilty plea we may consider only the "statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Evanson v. Atty. Gen. of U.S.*, 550 F.3d 284, 290 (3d Cir. 2008) (quoting *Shepard v. United States,* 544 U.S. 13, 16 (2005)). Although not all of the relevant materials are in the record before us, the documents that are – the information under which Davis was charged, A.R. 528, and his plea agreement, A.R. 535–38 – do not contain any mention of the amount of marijuana involved in the offense. And despite Davis's admission before the IJ that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i), which allows for deportation in drug offenses "other than a single offense involving possession for one's own use of thirty grams or less of marijuana," the modified categorical approach does not allow us to consider a petitioner's testimony before the IJ. *Evanson*, 550 F.3d at 293.

Thus, precedent compels us to ignore the known fact that Davis's conviction involved nearly fifty pounds of marijuana, and find that, under the modified categorical approach, his offense could have been for less than thirty grams and is therefore analogous to a federal misdemeanor. A federal misdemeanor is not an aggravated felony that disqualifies Davis from cancellation and is also not presumptively a particularly serious crime that renders him ineligible for asylum, withholding, and withholding under CAT, as the IJ found. *See In re Y-L-*, 23 I. & N. Dec. at 274.

The Government concedes that, should we find that Davis's conviction was analogous to a federal misdemeanor, we should remand to the Board for consideration of Davis's CAT deferral claim using the proper two-step analysis set out in *Myrie*, 855 F.3d at 516, and the additional clarification in *Quinteros v. Att'y Gen.*, 945 F.3d 772, 788 (3d Cir. 2019). Although Davis challenges the IJ's adverse-credibility determination, that finding was part of the CAT analysis and the Government concedes it may also be revisited by the Board on remand. Thus, we need not reach those issues.

\*       \*       \*

For the foregoing reasons, the petition for review is granted. We vacate the order of removal and remand to the Board for further consideration.