**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1066

NEEMA PATEL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-815-044)
Immigration Judge:  Honorable Margaret Reichenberg

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2010

Before:  FUENTES, ROTH and VAN ANTWERPEN,
<u>Circuit Judges</u>

(Opinion filed: March 30, 2010)

Michael A. Younge, Esq.

8141 East Kaiser Boulevard, Suite 200
Anaheim Hills, CA 92808

        Counsel for Petitioner

Regina Byrd, Esq.
Ernesto H. Molina, Esq.
M. Lee Quinn, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

        Counsel for Respondent

_____

OPINION

_____

PER CURIAM

    Neema Patel, a citizen of India, petitions for review of the BIA decision upholding the denial of her motion to terminate removal proceedings. Her petition presents the question of whether the confidentiality provisions of section 245A(c)(5) of the Immigration and Nationality Act ("INA") apply to an application for employment authorization submitted by the child of a Legal Immigration Family Equity ("LIFE") Act adjustment-of-status applicant. For the reasons that follow, we

2

agree with the BIA that they do not, and we will deny the petition for review.

## I

In 1986, Congress enacted the Immigration Reform and Control Act ("IRCA"), which created a legalization program that "allow[ed] existing undocumented aliens to emerge from the shadows" and gain legal residency in the United States. McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479, 483 (1991). IRCA provided undocumented aliens who had resided continuously in the United States since January 1982 with the opportunity to apply for legal resident status. In 2000, IRCA was modified by the LIFE Act and its amendments. See LIFE Act Amendments, Pub. L. No. 106-554, § 1504, 114 Stat. 2763, 2763A-325 (2000); LIFE Act, Pub. L. No. 106-553, § 1104, 114 Stat. 2762, 2762A-146-49 (2000). The LIFE Act, as amended, gave class members in three class-action cases a new opportunity to apply for lawful permanent residency. See LIFE Act Amendments § 1503(a); LIFE Act § 1104. Additionally, it permitted the spouse and unmarried children of an eligible alien to stay in the United States and obtain work authorization. See LIFE Act Amendments § 1504; 8 C.F.R. § 245a.31.

To encourage eligible aliens to seek lawful residency status, section 1104(c)(5) of the LIFE Act afforded applicants protection under INA § 245A(c)(5) [8 U.S.C. § 1255a(c)(5)].[1]

---

[1] INA § 245A is titled "Adjustment of status of certain entrants before January 1, 1982, to that of person admitted for lawful permanent residence." The confidentiality provisions of that section read:

3

Section 1104(c)(5) reads, in pertinent part: "Subsection (c)(5) of [INA] section 245A shall apply to information furnished by an eligible alien described in [LIFE Act section 1104(b)] pursuant to any application filed under such section 245A or this section . . . ."

## II

Patel entered the United States in 1988 without

Except as provided in this paragraph, neither the Attorney General, nor any other official or employee of the Department of Justice, or bureau or agency thereof, may- -

(i) use the information furnished by the applicant pursuant to an application filed under this section [i.e., for adjustment of status] for any purpose other than to make a determination on the application, for enforcement of paragraph (6), or for the preparation of reports to Congress under section 404 of the Immigration Reform and Control Act of 1986;

(ii) make any publication whereby the information furnished by any particular applicant can be identified; or

(iii) permit anyone other than the sworn officers and employees of the Department or bureau or agency or, with respect to applications filed with a designated entity, that designated entity, to examine individual applications.

INA § 245A(c)(5)(A). The Agency implemented a regulation containing substantially similar language at 8 C.F.R. section 245a.21.

4

inspection. Patel's father later submitted an application under LIFE Act section 1104 for an adjustment to lawful permanent resident status. While that application was pending, Petitioner filed an application for work authorization under section 1504 of the LIFE Act Amendments Family Unity Provisions.[2] Her application was denied and, based on her admissions in the application, removal proceedings were initiated against her.

Before the IJ, Patel filed a motion to terminate the removal proceedings. She admitted that she was ineligible for adjustment of status under section 1104(b), but argued that the confidentiality provisions of INA § 245A(c)(5) prevented the government from using her section 1504(b) employment application for the purpose of removal proceedings. The IJ denied Patel's motion and ultimately granted her voluntary departure. Patel appealed, arguing that the IJ incorrectly denied her motion to terminate the removal proceedings. The BIA upheld the IJ's decision, reasoning that, on its face, section 1104(c)(5) applies only to an alien's application for adjustment of residency status under section 1104(b) of the LIFE Act. Patel then filed a petition for review.

III

---

[2] There was some debate before the IJ as to whether Patel's filing constituted a request for benefits under section 1104(b) or section 1504(b) of the LIFE Act Amendments Family Unity Provisions. After an extended colloquy, Patel, through counsel, stated that her work authorization application was a request for benefits solely under section 1504(b). See A.R. 51-61.

We have jurisdiction over Patel's petition for review under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA defers to, or adopts, the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review the Agency's legal conclusions de novo, subject to established principles of deference. See Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004).

At the outset, we note that the question whether the Agency correctly interpreted the INA's confidentiality provisions as inapplicable to applications for LIFE Act Family Unity benefits appears to be a question of first impression in this Circuit, and we have not identified a precedential opinion by another Court of Appeals that conclusively determines the issue. Our inquiry is governed by the framework set forth in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984).

> [U]nder Chevron, we must first determine if the statute is silent or ambiguous with respect to the specific issue of law in the case, using traditional tools of statutory construction to determine whether Congress had an intention on the precise question at issue. If congressional intent is clear, the inquiry ends, as both the agency and the court must give effect to the plain language of the statute. Where, however, a statute is silent or ambiguous with respect to the specific issue, the court proceeds to step two, where it inquires whether the agency's answer is based on a permissible construction

of the statute.

Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (en banc) (internal citations and quotation marks omitted). Here, we conclude that the question at issue can be resolved at Chevron's first step.

"A basic tenet of statutory construction is that we 'must begin with . . . the assumption that the ordinary meaning of the [statutory] language accurately expresses the legislative purpose.'" Id. at 155-56 (quoting Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985)). Section 1104(c)(5) of the LIFE Act applies the confidentiality provisions of INA § 245A(c)(5) to "information furnished by an eligible alien described in [LIFE Act section] 1104(b) pursuant to any application filed under [INA §] 245A or this section." The ordinary meaning of "pursuant to" is "in compliance with; in accordance with; under." Black's Law Dictionary (8th ed. 2004). Therefore the plain language of section 1104(c)(5) makes clear that the confidentiality provisions apply only to a filing submitted by an alien described in LIFE Act section 1104(b), and only insofar as the filing is an application for adjustment of residency status. Thus, there is no room for us to conclude that Congress intended to extend the protection of INA § 254A(c)(5) to any filing other than an application by an alien for adjustment of residency status. Cf. Perez v. INS, 72 F.3d 256, 259-60 (2d Cir. 1995) (emphasizing in somewhat different circumstances that, under IRCA, information was confidential only to the extent that it was furnished in an application for adjustment of residency status).

Patel conceded that she was ineligible for relief under section 1104(b), and the application that she submitted was an

application for employment authorization under the Family Unity Provisions – not an application to adjust her residency status. Thus, the contents of her application were not confidential under the LIFE Act. And Patel points to no language within the LIFE Act Family Unity Provisions, or anywhere else, that establishes a right to confidentiality in a derivative application for benefits. See LIFE Act § 1504; 8 C.F.R. §§ 245a.30-.37. Inasmuch as Patel sought only derivative LIFE Act benefits through her father under section 1504(b) of the Act, the Agency correctly reasoned that the information in her work authorization application was not protected.

Accordingly, we will deny the petition for review.