**IMG-221**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3976
_____

ALICIA LILIAN POVSIC; JONATHAN POVSIC,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A95 340 723 and A98 098 058)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2010
Before:  FUENTES, ROTH AND VAN ANTWERPEN,  Circuit Judges

(Opinion filed: June 4, 2010)
_____

OPINION
_____

PER CURIAM

Alicia Povsic and her son, Jonathan Povsic, petition for review of a Board of

Immigration Appeals ("BIA") decision dismissing their appeal of an Immigration Judge's

("IJ") decision denying their motion to terminate the removal proceedings and finding

them removable from the United States. We will deny the petition for review.

In 2006, the Department of Homeland Security ("DHS") issued notices to appear charging that Alicia and Jonathan Povsic, natives and citizens of Uruguay, were subject to removal from the United States because they were present without having being admitted or paroled. Through counsel, the Povsics denied the factual allegations and charges in the notices to appear. To establish the factual allegations and charges of removability, DHS submitted the Povsics' applications for family unity benefits under the amendments to the Legal Immigration Family Equity ("LIFE") Act and decisions denying those applications.

The Povsics moved to terminate the removal proceedings, arguing that the information contained in their applications was protected by the confidentiality provisions of the LIFE Act. The IJ disagreed, explaining that the confidentiality provisions apply to information contained in applications for adjustment to lawful permanent resident status, not to information contained in applications for family unity benefits. Based on the information contained in the Povsics' applications, the IJ concluded that DHS had established their alienage and found that the Povsics had submitted no evidence showing that they were lawfully admitted to the United States, that they are entitled to be admitted, or that they are not inadmissible. The IJ thus denied the motion to terminate the removal proceedings, found the Povsics removable as charged, and granted their applications for voluntary departure.

The BIA dismissed the Povsics' appeal, finding that the IJ properly admitted their

2

applications for family unity benefits and that, based on the statements contained in the applications, they are subject to removal. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the agency's legal conclusions de novo, subject to established principles of deference. Patel v. Att'y General, 599 F.3d 295, 297 (3d Cir. 2010) (per curiam).

The LIFE Act affords aliens who filed claims for class membership in certain class action lawsuits the opportunity to apply for adjustment to lawful permanent resident status. See Patel, 599 F.3d at 296 (citing Pub. L. No. 106-553, § 1104, 114 Stat. 2762, 2762A-146-49 (2000)). The LIFE Act Amendments allow spouses and children of aliens who have filed LIFE Act applications to remain in the United States and obtain work authorization. See id. (citing Pub. L. No. 106-554, § 1504, 114 Stat. 2763, 2763A-325 (2000)).

We recently held that, under the plain language of the LIFE Act, the confidentiality provisions applicable to applications of aliens seeking adjustment of status do not apply to the applications of aliens seeking family unity benefits under the LIFE Act Amendments. Patel, 599 F.3d at 298. As in Patel, the Povsics applied for family unity benefits under the LIFE Act Amendments, not adjustment of status, and their applications were denied. Thus, the confidentiality provisions of the LIFE Act do not apply and the BIA did not err in finding that the IJ properly admitted, and considered the information in, the Povsics' applications.

Accordingly, because Patel controls this case, we will deny the petition for review.

3