NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4450
No. 11-1703
_____

KWAN HO WU,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent
_____

On Petitions for Review from
Orders of the Board of Immigration Appeals
(Board No. A071-873-513)
Immigration Judge:  Honorable William Strasser
_____

Argued January 25, 2012
Before:  AMBRO, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: February 10, 2012)

Joshua E. Bardavid [Argued]
Theodore N. Cox
22nd Floor
401 Broadway
New York, NY 10013-0000
        *Attorneys for Petitioner*

Kathryn L. DeAngelis [Argued]
Eric H. Holder, Jr.
Thomas W. Hussey
Aaron R. Petty

Hillel R. Smith
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Kwan Ho Wu petitions for review of two orders of the Board of Immigration Appeals (BIA), which denied two separate motions to reopen exclusion proceedings. We will grant the petition, vacate the BIA's orders, and remand to the BIA for further proceedings.

I

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

Wu entered the United States in 1992 and was placed in exclusion proceedings. In 1994, an Immigration Judge (IJ) found that Wu had not made the requisite showing to warrant asylum or withholding of deportation, and ordered his deportation. The BIA dismissed Wu's appeal in 2000. Seven years later, Wu filed a motion to reopen exclusion proceedings based on ineffective assistance of counsel. The BIA denied the motion because it was filed out of time and the time to file could not be equitably tolled.

2

On October 15, 2010, Wu filed a second motion to reopen, this time alleging changed conditions in China. Wu, who has fathered four children since entering the United States, argued that "a recent increase in forced . . . sterilization procedures in China" constituted "changed country conditions," thereby excusing his breach of the time and numerical limitations on motions to reopen. Appended to Wu's motion was evidence that he would submit at a hearing before an IJ if his case were reopened. On November 16, 2010, the BIA denied the motion, and Wu timely filed a petition for review.

On December 16, 2010, Wu filed a third motion to reopen, which also sought reconsideration of the denial of his second motion to reopen. He again argued changed country conditions because of enhanced enforcement of China's family planning policy and attached additional evidence to his motion in support of that claim. The BIA denied the motion on March 2, 2011.[1] Wu timely petitioned for review, and we consolidated his two appeals.

## II

We review *de novo* the BIA's conclusions of law. *Prestol Espinal v. Att'y Gen.*, 653 F.3d 213, 215 (3d Cir. 2011) (citing *Patel v. Att'y Gen.*, 599 F.3d 295, 297 (3d Cir. 2010)). In general,

> a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that

---

[1] Because Wu petitioned for review of the BIA's decision on his second motion to reopen, we need not consider whether the BIA's denial of the motion for reconsideration of the denial of that motion was proper.

motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.

8 C.F.R. § 1003.2(c)(2). These limitations are subject to the following exception, which

Wu has invoked in this case:

> The . . . limitations . . . shall not apply to a motion to reopen proceedings . . . [t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing . . . .

8 C.F.R. § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). We have explained that

the BIA's point of reference when evaluating whether country conditions have changed,

or whether the evidence proffered was previously unavailable, is the time of the hearing

before the IJ. *Filja v. Gonzales*, 447 F.3d 241, 252–54 (3d Cir. 2006). This holds true, as

is evident from the regulation's numerical limitation, even where the applicant has

already filed a motion to reopen. *Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir.

2007).

The BIA decisions under review evidenced a misunderstanding of this rule of law.

After citing some of the evidence submitted with Wu's second motion—including

affidavits from two Chinese nationals claiming that they were forcibly sterilized because

they fathered children abroad and a purportedly official village document indicating all

men with two offspring "are targeted for sterilization"—the 2010 decision stated: "The

applicant has not indicated why he waited until now to file this document, and he has also

4

failed to demonstrate how conditions in China have changed since his last motion in 2007 . . . ." The BIA then dismissed a 2009 congressional report suggesting that Wu will be required to register his children upon return to China, because "this document, too, fails to present evidence that country conditions have changed since the applicant's last motion in 2007."

Although it is less clear that the BIA's 2011 decision also applied the incorrect legal standard, we are concerned that it did so. The 2011 decision listed Wu's submitted evidence by date, noting that all of the documents were produced between 2001 and 2009. But the BIA then asserted that "[m]ost of the evidence is not new nor previously unavailable" despite the fact that the hearing before the IJ took place in 1993 and 1994. While the 2011 decision found that what "[t]he evidence indicates" is insufficient to meet the burden of showing changed circumstances, it is unclear whether the BIA considered all of the evidence before it or only that evidence which it viewed as timely submitted under the incorrect legal standard.

In light of the foregoing, we are unable to determine whether the BIA abused its discretion. *See Abulashvili v. Att'y Gen.*, 663 F.3d 197, 202 (3d Cir. 2011) (reviewing the denial of a motion to reopen for abuse of discretion). The BIA's decisions must allow us to "'discern its reasons for declining to afford relief.'" *Zheng v. Att'y Gen.*, 549 F.3d 260, 268 (3d Cir. 2008) (quoting *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006)). *Compare id.* at 268–71 (holding the BIA's analysis insufficient to support its decisions), *with Liu v.*

5

*Att'y Gen.*, 555 F.3d 145, 148–50 (3d Cir. 2009) (finding the BIA's analysis adequate). Although it is possible the BIA considered all the evidence, its reliance on an erroneous legal premise in the context of its written decisions casts doubt upon whether it fulfilled its "'duty to explicitly consider any country conditions evidence submitted by [the] applicant that materially bears on his claim.'" *Zheng*, 549 F.3d at 268 (quoting *Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir. 2006)). Therefore, remand is necessary so the BIA may weigh all of the evidence Wu submitted with his second and third motions to reopen under the correct legal standard as provided in *Filja*.

III

For the aforementioned reasons, we will grant Wu's petition, vacate the BIA's orders, and remand the matter to the BIA for proceedings consistent with this opinion.