**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1198
_____

JORGE ANGEL HERRERA FONSECA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
Immigration Judge: Roxanne C. Hladylowycz
(BIA-1: A088-881-362)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018
_____

Before:  GREENAWAY, JR., KRAUSE, *Circuit Judges*, and JONES, *District Judge*[*]

(Opinion Filed: April 9, 2018)
_____

OPINION[**]
_____

GREENAWAY, JR., *Circuit Judge*.

---

[*] The Honorable John E. Jones III, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jorge Angel Herrera-Fonseca appeals the Board of Immigration Appeals' ("BIA")

dismissal of his appeal of the Immigration Judge's ("IJ") denial of his application for

withholding of removal and Convention Against Torture ("CAT") protection. Herrera-

Fonseca argues that his aggravated felony convictions for second-degree robbery and

battery do not constitute particularly serious crimes rendering him statutorily ineligible

for withholding of removal. He also contends that he is eligible for withholding of

removal because he was targeted for imputed nationality and religion. Finally, Herrera-

Fonseca asserts that the BIA erred in determining that he waived review of his claim for

CAT. We will deny Herrera-Fonseca's petition for review.

## I.  Facts[1] & Procedural Background

A native and citizen of Mexico, Herrera-Fonseca was convicted of second-degree

robbery, a felony in violation of California Penal Code §§ 211-212.5(c), and battery, a

felony in violation of California Penal Code §§ 242-243(a), in 2008. Because the acts

were committed in participation with a criminal street gang, his sentence was enhanced

by California Penal Code § 186.22(b)(1)(C).

An IJ ultimately found Herrera-Fonseca to be an aggravated felon, based on both

the theft offense, pursuant to the Immigration and Nationality Act ("INA") §

101(a)(43)(G), and a crime of violence, pursuant to INA § 101(a)(43)(F), and ordered

---

[1] "We take our facts from the final order of the BIA, and to the extent the BIA
relied upon it, the Immigration Judge's decision." *Sesay v. Attorney Gen.*, 787 F.3d 215,
218 n.1 (3d Cir. 2015).

him removed from the United States in 2009. Nevertheless, in 2013, he re-entered the United States without inspection, and filed an application for asylum and for withholding of removal, expressing a fear of persecution and torture upon returning to Mexico. The matter was therefore submitted to an IJ for determination. After several hearings before the IJ, the BIA remanded requiring the IJ to provide a more definitive statement of the basis for its decision-making. The BIA then dismissed Herrera-Fonseca's appeal. This timely petition followed.

## II. Jurisdiction

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1208.31(e) and 1003.1(b)(3). We have jurisdiction pursuant to 8 U.S.C. § 1252.

"Because the BIA issued its own opinion, we review its decision rather than that of the IJ." *Patel v. Attorney Gen.*, 599 F.3d 295, 297 (3d Cir. 2010). "However, we also look to the decision of the IJ to the extent that the BIA defers to, or adopts, the IJ's reasoning." *Id.*

"We affirm any findings of fact supported by substantial evidence and are bound by the administrative findings of fact unless a reasonable adjudicator would be compelled to arrive at a contrary conclusion." *Camara v. Attorney Gen.*, 580 F.3d 196, 201 (3d Cir. 2009) (internal quotation marks omitted). "We review the BIA's legal conclusions de novo, ordinarily subject to the principles of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–45 (1984)." *Sesay v. Attorney Gen.*, 787 F.3d 215, 220 (3d Cir. 2015). *Chevron* deference is not appropriate, however, when "we are

3

asked to review an unpublished, non-precedential decision issued by a single BIA member." *Mahn v. Attorney Gen.*, 767 F.3d 170, 173 (3d Cir. 2014).

## III.    Discussion

Herrera-Fonseca raises three issues on appeal.  First, he argues that his aggravated felony convictions for second-degree robbery, pursuant to §§ 211-212.5(c)[2] of the California Penal Code, and battery, under *id.* §§ 242-243(a),[3] do not constitute particularly serious crimes.  If either is determined to be particularly serious, that finding renders him statutorily ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii).  Second, he asserts that he is eligible for withholding of removal because he was targeted for imputed nationality and religion.  Third, he claims that the BIA erred in determining that he waived review of his claim for CAT.

"To demonstrate her qualification for withholding of removal, 'an alien must show that if returned to [her] country, it is more likely than not that [her] life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.'  'To meet this standard, [an alien] must show with objective evidence that it is more likely than not [that she] will face persecution if [she] is deported' to her home country.  '[P]ersecution is an extreme concept that does not

---

[2] Under California law, robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  Cal. Penal Code § 211.

[3] Battery is defined as "any willful and unlawful use of force or violence upon the person of another."  *Id.* § 242.

4

include every sort of treatment our society regards as offensive.'" *Ordonez-Tevalan v. Attorney Gen.*, 837 F.3d 331, 341 (3d Cir. 2016) (alterations in original) (internal citations omitted).

Withholding of removal, however, is unavailable if an alien committed a "particularly serious crime" because the alien is deemed a "danger to the community of the United States." *Flores v. Attorney Gen.*, 856 F.3d 280, 285 (3d Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(B)(ii)). Under the INA, a "'particularly serious crime' includes crimes that are considered 'aggravated felon[ies]' for which the alien received a prison sentence of at least five years." *Id.* (quoting 8 U.S.C. § 1231(b)(3)(B)). In turn, the INA enumerates twenty-one descriptions of aggravated felonies, including "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(F), and "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G). *Flores*, 856 F.3d at 285.

We discern no error in the BIA's decision that Herrera-Fonseca was convicted of a particularly serious crime. In reaching its conclusion, the BIA reviewed the record and the IJ's decision in its entirety. The BIA noted that the IJ "properly considered the nature and circumstances" of Herrera-Fonseca's robbery conviction.[4] Specifically, the BIA

---

[4] Because the BIA did not reach the question of whether Herrera-Fonseca's battery conviction constituted a particularly serious crime, neither will we. *See Myrie v. Attorney*

highlighted that the IJ considered how Herrera-Fonseca and his co-defendant were under the influence of alcohol and marijuana when they each punched the victim in the face multiple times during the robbery, that he "was sentenced to 1 year in jail," and that the sentence was subject to a gang enhancement. Moreover, the BIA also acknowledged that the IJ "fully considered" Herrera-Fonseca's "explanations and attempts to minimize the crime" in its determinations. As a final point, the BIA, after considering the totality of the circumstances, agreed that Herrera-Fonseca was therefore convicted of a particularly serious crime pursuant to the INA.

We agree with the BIA that Herrera-Fonseca's conviction for second-degree robbery is a particularly serious crime rendering him statutorily ineligible for withholding of removal. Here, Herrera-Fonseca committed the robbery through the use of physical force when he punched the victim in the face multiple times. The conviction was of a particularly serious crime because it was of "a theft offense . . . for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G), and a crime of violence for which the term of imprisonment is at least one year, *id.* § 1101(a)(43)(F). The record reflects that, as a result of the robbery conviction, he was sentenced to one year in jail.

Finally, Herrera-Fonseca claims that the BIA erred in determining that he waived review of his claim for CAT. We decline to address this argument, as the BIA

---

*Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) ("If the Board relies only on some of the grounds given for denying relief, we review only those grounds.").

6

determined, in the alternative, that he failed to carry his burden of proving that it is more likely than not that he would be tortured upon returning to Mexico.[5]

## IV. Conclusion

For the foregoing reasons, we shall deny Herrera-Fonseca's petition for review.

---

[5] The BIA addressed Herrera-Fonseca's claim in the alternative, and held that, "based on the entirety of the record," he had "not carried his burden of proof required for protection under the CAT." We agree with that determination because the record is devoid of any evidence providing objective proof that it is more likely than not that he would have been tortured upon his return to Mexico.