**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3000
_____

JAVIER HERNANDEZ-MORALES,
Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. 205-829-343)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 7, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*

(Filed: September 2, 2020)
_____

Alfonso Caprara
Suite 300
2043 Locust Street
Philadelphia, PA 19103
  *Counsel for Petitioner*

William P. Barr
Vanessa M. Otero
Ilana J. Snyder
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
  *Counsel for Respondent*

———————————

OPINION OF THE COURT
———————————

BIBAS, *Circuit Judge*.

Litigants often dress up factual findings and discretionary decisions as constitutional violations. But calling an issue constitutional does not make it so. Because the issues in this immigration appeal do not sound in due process, we will dismiss for lack of jurisdiction.

Javier Hernandez-Morales is a native and citizen of Mexico. He entered the United States illegally in 1995. He and his wife are separated, but they share custody of their two daughters, who are U.S. citizens. During the week, the daughters live

with their father, who rented an apartment in a well-regarded school district so they could go to school there. He has had a successful career as a chef, working at the same restaurant for fifteen years and rising to become a supervisor. But his record is checkered, as he was convicted of simple assault on his wife and of driving under the influence.

After his assault conviction, the Government began proceedings to remove Hernandez-Morales. He conceded removability but sought cancellation of removal. 8 U.S.C. § 1229b. The immigration judge denied his application, finding that he was ineligible because his removal would not cause his daughters "exceptional and extremely unusual hardship." § 1229b(b)(1)(D). Even if he were eligible, the judge held, Hernandez-Morales would not merit cancellation of removal because of his criminal convictions. Hernandez-Morales appealed to the Board of Immigration Appeals. The Board dismissed the appeal on the hardship ground and did not reach his criminal record.

We review the Board's opinion, as well as the parts of the immigration judge's opinion adopted by the Board. *Neema Patel v. Att'y Gen.*, 599 F.3d 295, 297 (3d Cir. 2010). We review issues of law and constitutional claims de novo. *Dutton-Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

We lack jurisdiction to review discretionary denials of relief under § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). And whether hardship is "exceptional and extremely unusual" "is a quintessential discretionary judgment" over which we lack jurisdiction. *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178–79 (3d Cir. 2003) (quoting § 1229b(b)(1)(D)); *accord Seemabahen*

3

*Patel v. Att'y Gen.*, 619 F.3d 230, 232 (3d Cir. 2010). We also lack jurisdiction to review the factual findings underlying a denial of §1229b relief. *Dutton-Myrie*, 855 F.3d at 515. But we retain jurisdiction over "constitutional claims or questions of law." §1252(a)(2)(D). So to get review, Hernandez-Morales asserts two due process violations. Neither is in fact a constitutional claim.

First, Hernandez-Morales argues that the immigration judge's "use of conjecture" violated due process. Pet'r's Br. 8–9. He challenges the immigration judge's finding that his wife could take over his lease and keep their daughters in their current school. But a challenge to an agency's factual findings raises no constitutional claim. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008). Calling it a due process challenge does not make it so.

Second, Hernandez-Morales objects to how the immigration judge weighed his moral character. Because the judge found "no dispute" that he had good moral character but then denied relief based in part on his criminal convictions, he argues that the judge "created a conflicted record" for the Board. App. 4, 7; Pet'r's Br. 9. This too is not a constitutional claim, but rather an unreviewable objection to the judge's exercise of discretion. *See Cospito*, 539 F.3d at 170.

As a fallback, Hernandez-Morales argues that the judge's and Board's weighing of the hardship factors raises at least a mixed question of law and fact. In *Guerrero-Lasprilla v. Barr*, the Supreme Court considered whether, when reviewing an order of removal, a court of appeals could review the application of equitable tolling's due-diligence requirement to "undisputed

4

or established facts." 140 S. Ct. 1062, 1067–68 (2020). The Court held that we may do so under § 1252(a)(2)(D). *Id.* at 1067. So Hernandez-Morales argues that we may review de novo whether he satisfied § 1229b's hardship requirement. But the facts here about schooling are disputed. In any case, a disagreement about weighing hardship factors is a discretionary judgment call, not a legal question. *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1182–84 (10th Cir. 2020).

Hernandez-Morales also errs in relying on our decision in *Pareja v. Attorney General*, 615 F.3d 180 (3d Cir. 2010). There, we remanded part of a case to determine whether the Board had incorrectly required the petitioner to show hardship by applying "an impermissible factor" at odds with § 1229b(b)(1)(D). *Id.* at 196–97. Here, however, Hernandez-Morales alleges no improper legal factor, but asks us only to reweigh the proper factors and make our own judgment call. We may not do so. § 1252(a)(2)(B)(i).

\* \* \* \* \*

"[A] party may not dress up a claim with legal clothing to invoke this Court's jurisdiction." *Pareja*, 615 F.3d at 187. Hernandez-Morales does just that. We appreciate his and his family's plight. But because we lack jurisdiction to review his petition, we will dismiss it.