**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-2792

———————

FRANKLIN MICHAEL BERESFORD,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA-1: A057-406-863)
Immigration Judge: Kuyomars "Q" Golparvar

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 23, 2021

Before: AMBRO, RESTREPO, <u>Circuit Judges</u>, and NOREIKA,[*] <u>District Judge</u>

(Opinion Filed: July 21, 2021)

———————

[*] The Honorable Maryellen Noreika, United States District Judge for the District of
Delaware, sitting by designation.

## OPINION[*]

NOREIKA, <u>District Judge</u>

Petitioner Franklin Michael Beresford seeks review of a final order by the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's determination that he is removable from the United States and ineligible for cancellation of removal. For the following reasons, the petition will be denied.

### I.    Background

Beresford is a native and citizen of Guyana who was admitted to the United States as a lawful permanent resident on July 22, 2008. From approximately April 2012 through April 2014, Beresford worked as a cargo handler at John F. Kennedy International Airport (JFK) in Queens, New York. By his own admission, during this two-year period, Beresford stole mail from airplanes and acted as a lookout so that others could do so. A.R. 352–53. On November 14, 2016, Beresford pled guilty to mail theft in violation of 18 U.S.C. § 1708. He was convicted in the Eastern District of New York on February 20, 2018 and sentenced to five months' imprisonment.

### A.    Proceedings Before the Immigration Court

The Department of Homeland Security ("DHS") initiated removal proceedings on July 31, 2018, by serving Beresford with a Notice to Appear ("NTA"). The NTA

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

charged that he was removable because he had been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. *See* 8 U.S.C. § 1227(a)(2)(A)(i). In support of the charge of removability, the Government submitted, *inter alia*, the Presentence Investigation Report ("the PSR") prepared in connection with Beresford's conviction. Although the first Immigration Judge to decide the issue sustained the charge of removability and ordered his removal, A.R. 210, Beresford successfully appealed to the Board of Immigration Appeals, which remanded the case for additional fact-finding on the issue of whether he committed the crime of mail theft within five years of his admission, A.R. 145–46.

After remand, a second Immigration Judge held a hearing on September 18, 2019, at which he made several comments regarding the status of the case before him. The Immigration Judge suggested that the Government submit a Form I-261 to indicate specifically when the crime was committed and added that "on the I-261 you just need to indicate that . . . the offense described in allegation number 4 was committed between this date and this date, that's all that's needed." A.R. 73, 78. He also noted that there were several judicially noticeable documents in the record suggesting that the crime had been committed within five years of admission to the United States. After summarizing those documents, the Immigration Judge asked the Government counsel whether he had set forth its arguments correctly and the DHS attorney agreed. The Immigration Judge also invited Beresford, who was represented by counsel, to submit additional briefs or evidence.

The Government timely filed the Form I-261 specifying that Beresford committed the conduct underlying his mail theft conviction "on or about April 2012 to on or about April 2014." A.R. 136. At the next hearing, Beresford denied the charge of removability and the factual allegation concerning when the offense was committed.

The Immigration Judge sustained both the factual allegation and the charge of removability, finding that the Government had shown by clear and convincing evidence that the crime occurred within five years of Beresford's admission to the United States. In coming to this decision, the Immigration Judge considered Beresford's Judgment Order, Superseding Indictment, and PSR and concluded that, because Beresford had pled guilty to committing mail theft between February 2009 and December 2014 and this range had "significant overlap" with the five years after his admission, there was sufficient evidence within the record of conviction to find the Government had met its burden. A.R. 67. In the alternative, the Immigration Judge found that there was sufficient evidence in the record of conviction and the PSR, because the latter consistently stated that Beresford worked at the airport from April 2012 to April 2014 and included his written statement that he stole mail and acted as a lookout during that two year period. A.R. 67.

B.    Proceedings Before the Board of Immigration Appeals

Beresford filed a second appeal with the Board of Immigration Appeals on November 25, 2019. The Board dismissed the appeal, holding that he had waived his claim that the Immigration Judge had shown bias towards DHS, that he had received a full and fair hearing, and that the Government had proven removability by clear and

4

convincing evidence. A.R. 3–5. The Board affirmed the Immigration Judge's determination that the Government had proven removability through the presentation of the PSR and did not address whether he properly determined that the conviction record alone proved removability. A.R. 4. This petition for review followed.

## II.    Discussion[1]

Beresford raises two issues on appeal. First, he argues that the Board erred by concluding that the Immigration Judge did not prejudge the case and acted fairly and impartially. Second, Beresford challenges the Board's determination that the Government met its burden to show by clear and convincing evidence that he committed the mail theft offense within five years of his admission to the United States.

As to the first issue, petitioners in a deportation proceeding are entitled to "a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf and a decision on the merits of their claim by a neutral and impartial arbiter." *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (cleaned up). To prove a due process violation, a petitioner must show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted," meaning the petitioner must demonstrate that the Immigration Judge's conduct had "the *potential* for affecting

---

[1]    The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3). This Court has jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a). Where the Board issues its own decision and relies upon the reasoning of the immigration judge, this Court reviews the decision of the Board and those portions of the immigration judge's reasoning adopted in the Board's opinion. *See Patel v. Att'y Gen.*, 599 F.3d 295, 297 (3d Cir. 2010). Questions of law and constitutional claims are reviewed *de novo*. *See id.*; *Abulashvili v. Att'y Gen.*, 663 F.3d 197, 207 (3d Cir. 2011).

the outcome of the deportation proceedings." *Id.* (emphasis in original). "[J]udicial conduct is improper whenever a judge appears biased, even if she actually is not biased." *Abulashvili v. Att'y Gen.*, 663 F.3d 197, 207 (3d Cir. 2011) (cleaned up). This Court has previously found due process violations in cases with particularly problematic conduct by immigration judges, such as conducting lengthy cross-examinations, *Abulashvili*, 663 F.3d at 207, unfairly limiting an individual's responses, *Serrano-Alberto*, 859 F.3d at 224, or belittling the individual's choices, *Wang v. Att'y Gen.*, 423 F.3d 260, 263 (3d Cir. 2005).

The conduct of the Immigration Judge in this matter is a far cry from the conduct this Court has held violates due process rights. The Immigration Judge suggested that the Government submit an additional filing addressing the issue underlying the Board's remand. This suggests a desire for efficiency rather than a bias. The remainder of the Immigration Judge's remarks summarized evidence already in the record. None of the comments demonstrate the "pervasiveness and egregiousness" that suggests a due process violation. *Serrano-Alberto*, 859 F.3d at 224.

As to the second issue raised on appeal, when evaluating "the specific way in which an offender committed the crime on a specific occasion," this Court uses the circumstance-specific approach set out in *Nijhawan v. Holder,* 557 U.S. 29, 34 (2009). When using this approach, it is appropriate to rely on sentencing-related material, *id.* at 42, and the PSR, *Fan Wang v. Att'y Gen.*, 898 F.3d 341, 348 (3d Cir. 2018).

For Beresford to be removable as charged, he must have engaged in mail theft within five years of his July 22, 2008, admission to the United States. The PSR states

that Beresford was employed as a ramp agent at Terminal One "from approximately April 2012 through April 2014" and that "*during this period of employment*, Beresford stole mail from airplanes at Terminal One, and assisted others in stealing mail." A.R. 352 (emphasis added). The PSR also includes a written statement Beresford provided to Postal Inspectors in 2016, in which he admitted that "[w]hen I was working for [Aircraft Service International Group] JFK from 2012–2014 . . . [,] I acted as a lookout so that [four other individuals] could steal mail for currency. They would tip me for looking out [and] they would lookout and I stole mail for the currency." A.R. 352–53. The PSR consistently indicates that the relevant time period is 2012 to 2014, and those dates were highlighted by the Immigration Judge and the Board. Because the PSR is clear that Beresford's conduct was ongoing throughout this time period, the Government has met its burden to show by clear and convincing evidence that Beresford began engaging in mail theft prior to July 22, 2013, and therefore within five years of his admission to the United States.

\*    \*    \*

For the foregoing reasons, the petition for review is denied.

7