NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1102
_____

ISAIAS BELTRE MATOS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A079-739-512)
Immigration Judge: Matthew Watters
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2021
_____

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Filed: January 27, 2022)
_____

**OPINION**[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

While he was a lawful permanent resident of the United States, Isaias Beltre Matos, a native and citizen of the Dominican Republic, worked with others to buy and sell personally identifiable information belonging to United States citizens. That information was sold in sets consisting of Puerto Rican birth certificates and corresponding social security cards, as well as other identification documents, including driver's licenses and voter registration cards. With those documents, a non-citizen could assume the identity of a United States citizen, and over 100 non-citizens within the United States bought those document sets. For his role in that scheme, Beltre Matos pleaded guilty to, and was convicted of, conspiracy to encourage an alien to reside in the United States for financial gain, *see* 8 U.S.C. § 1324(a)(1)(A)(iv), among other related crimes, and he was sentenced to fifty-one months' imprisonment.

Due to that conviction, the Department of Homeland Security commenced removal proceedings against Beltre Matos. An Immigration Judge determined that Beltre Matos's crime constituted an aggravated felony and, on that basis, ordered his removal. That order also caused Beltre Matos to lose his status as a lawful permanent resident. In addition, the Immigration Judge ruled that Beltre Matos's conduct constituted alien smuggling, and that rendered Beltre Matos ineligible to regain his status as a lawful permanent resident. Beltre Matos administratively appealed that order, and the Board of Immigration Appeals adopted the Immigration Judge's conclusions.

2

Through a timely petition, Beltre Matos invoked this Court's jurisdiction to review two legal conclusions in the final order: that his conviction constitutes an aggravated felony and that his underlying conduct qualifies as alien smuggling. *See* 8 U.S.C. § 1252(a)(2)(D) (preserving jurisdiction to review "constitutional claims" and "questions of law raised upon a petition for review filed with an appropriate court of appeals"). In reviewing those conclusions *de novo*, *see Patel v. Att'y Gen.*, 599 F.3d 295, 297 (3d Cir. 2010), the first is correct (because Beltre Matos's crime constitutes an aggravated felony), but the second is not (because his conduct falls outside of the statutory definition of "alien smuggling," *see* 8 U.S.C. § 1182(a)(6)(E)(i)). Accordingly, we will deny the petition in part, grant the petition in part, and remand to the agency so that it may consider Beltre Matos's adjustment-of-status application.

## I. STATUTORY AND REGULATORY BACKGROUND

Non-citizens, including lawful permanent residents, who are convicted of a statutorily defined "aggravated felony"[1] are subject to a string of cascading deportation consequences. *See Carachuri-Rosendo v. Holder*, 560 U.S. 563, 566 (2010) (noting that aggravated felons are "singled out for the harshest deportation consequences"). Such a person not only becomes deportable[2] but also loses the ability to seek several forms of relief from deportation, such as asylum, cancellation of removal, and depending on the

---

[1] 8 U.S.C. § 1101(a)(43) (specifying certain crimes as aggravated felonies).

[2] *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

length of the sentence, statutory withholding of removal.[3]  *See Singh v. Att'y Gen.*, 839 F.3d 273, 278 (3d Cir. 2016).  And a non-citizen with lawful-permanent-resident status loses that status if ordered deported or removed.[4]

But not every aggravated-felony conviction affects a non-citizen's admissibility. *See Parra-Rojas v. Att'y Gen.*, 747 F.3d 164, 166 (3d Cir. 2014).  Rather, a non-citizen becomes inadmissible as a result of committing certain criminal offenses[5] or violating certain immigration laws, including the prohibition on alien smuggling.[6]  An inadmissible non-citizen is ineligible for adjustment of status to that of lawful permanent resident.[7] Critically, however, a non-citizen who has committed an aggravated felony but who remains admissible and otherwise meets the eligibility requirements for an adjustment of status[8] may apply to adjust his or her status to that of a lawful permanent resident – even

---

[3] *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i) (precluding asylum for aliens who have been convicted of a "particularly serious crime," which includes aggravated felonies); *id.* § 1229b(a)(3) (providing that conviction for "any aggravated felony" renders aliens ineligible for cancellation of removal); *id.* § 1231(b)(3)(B)(ii) (providing that an alien convicted of one or more aggravated felonies with an aggregate prison sentence of at least five years is barred from seeking withholding of removal).

[4] *See* 8 C.F.R. § 1001.1(p) (providing that a lawful-permanent-resident status "terminates upon entry of a final administrative order of exclusion, deportation, removal, or recission").

[5] *See, e.g.*, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (crimes of moral turpitude), (II) (drug crimes).

[6] *See id.* § 1182(a)(6)(E)(i).

[7] *See id.* § 1255(a) (providing that any inadmissible alien is ineligible for an adjustment of status).

[8] *See id.* (providing that an adjustment of status may be granted in the discretion of the Attorney General to aliens who are eligible to receive an immigrant visa and are "admissible to the United States for permanent residence").

if he or she is subject to a final order of removal.  *See Parra-Rojas*, 747 F.3d at 166, 172.

The ultimate decision to grant an adjustment of status rests in the exercise of the Attorney

General's discretion.[9]

## II. DISCUSSION

During his removal proceedings, Beltre Matos, who proceeded *pro se*, addressed

the consequences that his conviction had on his removability and admissibility.  He

argued that his crime did not constitute an aggravated felony.  He also indicated an

intention to apply for an adjustment of status in case he was ordered removed and lost

status as a lawful permanent resident as a result.  He further explained that his wife – who

is a U.S. citizen – began that adjustment-of-status process by filing an I-130 Form on his

behalf.  The Immigration Judge, and later the BIA, rejected both of Beltre Matos's efforts

by concluding that (i) his conviction qualified as an aggravated felony and (ii) he was

ineligible for adjustment of status because his conduct constituted alien smuggling, which

rendered him inadmissible.

A. Beltre Matos's Conviction Qualifies as an Aggravated Felony.

In general, the crime of conspiring to encourage a non-citizen to reside in the

United States for financial gain under 8 U.S.C. § 1324(a)(1)(A) constitutes an aggravated

felony.  As statutorily defined, the term "aggravated felony" expressly cross-references

8 U.S.C. § 1324(a)(1)(A):

---

[9] *See id.*; *Zheng v. Gonzales*, 422 F.3d 98, 109 (3d Cir. 2005) (explaining that "the final decision to adjust status is left to the discretion of the Attorney General").

> [A]n offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter.

8 U.S.C. § 1101(a)(43)(N). The term "aggravated felony" also includes a "conspiracy to commit an offense described in this paragraph." *See id.* § 1101(a)(43)(U). Thus, the general rule is that the crime of conspiring to violate 8 U.S.C. § 1324(a)(1)(A) constitutes an aggravated felony, subject to a limited exception for first-time offenders who conspire to sell identity documents to a spouse, child, or parent (and no other individual). *See id.* § 1101(a)(43)(N), (U). Applying those principles here, because Beltre Matos offers no proof that the exception applies, his conviction for conspiracy to violate § 1324(a)(1)(A) qualifies as an aggravated felony.

Beltre Matos challenges that outcome and offers an alternative reading of the immigration statute. He contends that the parenthetical in § 1101(a)(43)(N), "relating to alien smuggling," means that only violations of § 1324(a)(1)(A) related to alien smuggling constitute aggravated felonies. And because he did not smuggle aliens, Beltre Matos submits that his § 1324(a)(1)(A) conviction cannot be for an aggravated felony. But this Court has already considered and precedentially rejected that construction. In response to the same argument, this Court held that the parenthetical in § 1101(a)(43)(N) does not narrow the qualifying offenses in § 1324(a)(1)(A) but rather "is descriptive of all of the offenses contained in" § 1324(a)(1)(A). *Patel v. Ashcroft*, 294 F.3d 465, 473 (3d Cir. 2002).

6

Thus, due to his conviction, Beltre Matos is removable as an aggravated felon. And by regulation, the final order subjecting him to removal strips him of his status as a lawful permanent resident. *See* 8 C.F.R. § 1001.1(p).

### B. Beltre Matos's Underlying Conduct Does Not Constitute Alien Smuggling.

The so-called 'smuggling bar' prevents a non-citizen from adjusting his status. A non-citizen becomes inadmissible by knowingly encouraging, inducing, assisting, abetting, or aiding any other non-citizen "*to enter or to try to enter* the United States in violation of law."  8 U.S.C. § 1182(a)(6)(E)(i) (emphasis added).  And an inadmissible non-citizen is ineligible for a discretionary adjustment of status.  *See id.* § 1255(a).  The application of the smuggling bar depends on the non-citizen's "underlying conduct," not any specific conviction.  *Parra-Rojas*, 747 F.3d at 168–69.

The Immigration Judge misapplied the smuggling bar to Beltre Matos.  The smuggling bar applies to aliens who knowingly assist, induce, or encourage another alien to cross the border into the United States.  *See* 8 U.S.C. § 1182(a)(6)(E)(i).  But Beltre Matos's underlying conduct involved providing identity documents to aliens already residing in the United States – not to those outside of the United States.  Because his underlying conduct does not constitute alien smuggling, the smuggling bar does not preclude his application for an adjustment of status.

\* \* \*

In sum, we will (i) partially deny Beltre Matos's petition (because the order to remove Beltre Matos was correct as a matter of law), and (ii) partially grant his petition to vacate the order's improper application of the smuggling bar and remand this matter to

the agency to consider Beltre Matos's adjustment-of-status application, the resolution of which rests in the discretion of the Attorney General.